UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAURIE LEE MAYLE, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  1:17-cv-00095 |
| VIRTUOSO SOURCING GROUP, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT**

Now comes LAURIE LEE MAYLE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of VIRTUOSO SOURCING GROUP, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 52 year old natural person residing in Greenfield, Indiana, which lies within the Southern District of Indiana.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

8. Defendant is a limited liability company with a principal place of business located at 4500 Cherry Creek Drive South, Suite 300, Glendale, Colorado. Defendant is a debt collector and debt buyer that has been a member of the Association of Credit and Collection Professionals since 2011.[1]

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. Defendant is a "person" as defined by 47 U.S.C. §153(39).

11. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

12. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

---

[1] http://www.acainternational.org/search#memberdirectory

**FACTS SUPPORTING CAUSES OF ACTION**

13. Beginning in approximately September 2016, Plaintiff began receiving calls from Defendant to her cellular phone, (317) XXX-8350.

14. Defendant has used the following phone numbers to call Plaintiff's cellular phone: (888) 982-6729 and (888) 982-6719.

15. Upon information and belief, the aforementioned phone numbers are all utilized by Defendant to contact consumers during its debt collection activity.

16. After speaking with one of Defendant's representatives, Plaintiff was informed that she was being contacted for a debt she allegedly incurred.

17. Upon information and belief, Defendant was contacting Plaintiff seeking payment of a consumer obligation.

18. On September 8, 2016, after missing one of Defendant's phone calls, Plaintiff returned its call and informed it that she did not wish to be contacted.

19. Plaintiff has demanded that Defendant stop calling her on more than one occasion.

20. Despite her pleas, Defendant has continued to relentlessly call Plaintiff's cellular phone without her permission up until the date of the filing of the present action.

21. Defendant has called Plaintiff's cellular phone at least 30 times since she demanded that it cease contacting her.

22. Concerned over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

23. Plaintiff has suffered financial loss as a result of Defendant's actions.

24. With the goal of ending Defendant's conduct, Plaintiff has purchased and maintained an application on her cellular phone to block the calls, resulting in pecuniary loss.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered actual harm, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

### a. Violations of the FDCPA §1692c(a)(1) and §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d and d(5) when it continuously called Plaintiff after being notified to stop. This repeated behavior deeply harassed Plaintiff and among other things, wasted her time and energy. After missing one of Defendant's plentiful phone calls, Plaintiff even took time out of her day to return its call and demand that she no longer be contacted. Defendant ignored her pleas and continued to call Plaintiff knowing it would be inconvenient and harassing to her.

### b. Violations of the FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any

false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant placed calls to Plaintiff's cellular phone using different phone numbers. While Defendant initially called Plaintiff using the phone number ending in 6729, it ended up calling her from at least one other phone number. Calling from different phone numbers in an attempt to trick Plaintiff into answering the phone calls is a deceptive practice. Defendant was notified by Plaintiff to cease calling her cellular phone. Instead of stopping, Defendant doubled down on its collection efforts by using different phone numbers.

33. Defendant further made false and deceptive representations through its conduct towards Plaintiff. By continuing to call Plaintiff after she demanded it to stop, Defendant falsely and unfairly represented that it had the legal ability to do so.

    c. **Violations of the FDCPA §1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop. Even after telling Defendant to stop contacting her, Plaintiff continued to receive automated phone calls to her cellular phone. Not only did Defendant place calls after being told to stop, but it consciously continued to call Plaintiff using different phone

5

numbers. Attempting to trick and coerce Plaintiff into answering the phone calls after being notified to stop calling is unfair and unconscionable behavior.

34. As pled in paragraphs 21 through 26, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LAURIE LEE MAYLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

35. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

36. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

37. Defendant used an ATDS in connection with its communications directed towards

Plaintiff's cellular phone. Upon information and belief, Defendant uses an ATDS during its debt collection activities to facilitate making mass calls to the consumers its seeks to collect from. Additionally, utilizing multiple phone numbers is indicative of an ATDS. Finally, the nature and frequency of Defendant's contacts also points to the involvement of an ATDS.

38. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given was explicitly revoked by Plaintiff's demands to cease calling her cellular phone.

39. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

40. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LAURIE LEE MAYLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining the Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

43. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

44. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was also specifically notified by Plaintiff that she no longer wanted to be contacted. Any consent that Defendant *may* have had to contact Plaintiff via an ATDS was revoked. However, Defendant consciously ignored these prompts in an abusive attempt to collect payment from her.

45. Defendant has also used different phone numbers in its attempt to collect a debt from Plaintiff. Even after being told to stop calling, Defendant refused and instead began calling Plaintiff using various phone numbers. This was an attempt to trick Plaintiff into answering the phone calls and an abusive effort to collect payment from her.

46. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

47. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

48. Defendant's conduct is part of a purposeful and systematic scheme to illegally attempt to collect outstanding debts upon unsophisticated consumers who may not be aware of their rights. Defendant's conduct is an incurable deceptive act of which notice would not remedy.

49. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her. The fact that Defendant was provided with multiple notices to stop calling and refused to abide by said notices, evidenced by calling Plaintiff at least 30 times after she told it to stop, shows that its behavior is incurable.

50. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis.

51. As pled in paragraphs 21 through 26, Plaintiff has suffered damages as a result of Defendant's unlawful conduct, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, LAURIE LEE MAYLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

    c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

    d. Enjoining Defendant to cease contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 11, 2017　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　<u>s/ Nathan C. Volheim</u>
　　　　　　　　　　　　　　　　　　　　Nathan C. Volheim, Esq. #6302103
　　　　　　　　　　　　　　　　　　　　Admitted in the Southern District of Indiana
　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　　　900 Jorie Boulevard, Suite 150
　　　　　　　　　　　　　　　　　　　　Oak Brook, Illinois 60523
　　　　　　　　　　　　　　　　　　　　(630) 575-8181 x113 (phone)
　　　　　　　　　　　　　　　　　　　　(630) 575-8188 (fax)
　　　　　　　　　　　　　　　　　　　　nvolheim@sulaimanlaw.com